**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

CURTIS L. PRUITT,

    Plaintiff,                               Civil Action No. 05-71438-DT

v.                                       HONORABLE VICTORIA A. ROBERTS
                                            UNITED STATES DISTRICT COURT

LaDON'S GUARDIANSHIP
SERVICES, et. al.,

    Defendants,
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

### I.   Introduction

Before the Court is Plaintiff Curtis L. Pruitt's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff is a federal prisoner currently confined at the United States Penitentiary in Coleman, Florida. For the reasons stated below, the complaint is dismissed for failing to state a claim upon which relief can be granted.

### II.   Standard of Review

Plaintiff has been allowed to proceed without prepayment of fees. See 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth*, 114 F. 3d 601, 604 (6th Cir.1997). However, 28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:
> (B) the action or appeal:
> (I) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

1

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore,* 114 F. 3d at 612; *Goodell v. Anthony,* 157 F. Supp. 2d 796, 799 (E.D. Mich. 2001).

A *pro se* litigant's complaint is to be construed liberally, *Middleton v. McGinnis*, 860 F. Supp. 391, 392 ( E.D. Mich.1994)(citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); that is, such complaints are held to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Such complaints, however, must plead facts sufficient to show a legal wrong has been committed from which plaintiff may be granted relief. Fed.R.Civ.P. 12(b); *Dekoven v. Bell,* 140 F. Supp. 2d 748, 755 (E.D. Mich. 2001).

To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must establish that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F. 3d 673, 677 (6th Cir.1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F. 3d 530, 532 (6th Cir.2001).

### III.  Complaint

Plaintiff claims that LaDon's Guardianship Services was appointed by the Wayne County Probate Court to act as guardian and conservator for his father, who has suffered from a number of health problems. Plaintiff claims that LaDon's Guardianship Services and

its employees have been negligent in failing to add either his name or his nephew's name to their files or to the list at the nursing home where plaintiff's father resides. Plaintiff claims that as a result of the defendants' negligence, neither he nor his nephew have been able to obtain information concerning his father, particularly in regards to his father being hospitalized at Sinai-Grace Hospital on November 5, 2004. Plaintiff seeks monetary and injunctive relief.

### IV. Discussion

Plaintiff's complaint is subject to dismissal for several reasons. First, it is well established that a court-appointed guardian *ad litem* or conservator is not acting under color of state law for the purpose of liability under § 1983. *See Schiavo ex. Rel. Schindler v. Schiavo,* 403 F. 3d 1289, 1292-93 (11th Cir. 2005); *reh. den. en banc* 404 F. 3d 1270 (11th Cir. 2005); *cert. den.* 125 S. Ct. 1722 (2005); *Kirtley v. Rainey,* 326 F. 3d 1088, 1092-96 (9th Cir. 2003); *McClear v. Donaldson,* 812 F. 2d 1407 (Table); 1987 WL 36589, * 1 (6th Cir. January 28, 1987); *Duboys ex. Rel. Duboys v. Bomba,* 199 F. Supp. 2d 166, 170 (S.D.N.Y. 2002); *aff'd* 62 Fed. Appx. 404 (2nd Cir. 2003); *cert. den.* 125 S. Ct. 280 (2004). Because the defendants are private individuals or entities, a § 1983 lawsuit cannot be maintained against them.

Secondly, plaintiff has merely alleged that the defendants were negligent in failing to place his name or his nephew's name in their files or records. Mere negligence is not actionable under § 1983. *See e.g. Daniels v. Williams*, 474 U.S. 327, 328 (1986). Any allegation that a guardian *ad litem* is merely negligent in the performance of his or her duties

fails to state a cause of action under § 1983. *See Doe v. Bobbitt,* 665 F. Supp. 691, 695 (N.D. Ill. 1987).

## V. CONCLUSION

IT IS HEREBY ORDERED that Plaintiff's complaint is DISMISSED WITH PREJUDICE FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED, pursuant to 28 U.S.C. § 1915A(e)(2) and 28 U.S.C. § 1915(A).

S/Victoria A. Roberts
**Victoria A. Roberts**
**United States District Judge**

**Dated: May 24, 2005**

> **The undersigned certifies that a copy of this document was served on the attorneys of record and pro se plaintiff by electronic means or U.S. Mail on May 24, 2005.**
>
> **s/Carol A. Pinegar**
> **Deputy Clerk**